**PSGM LAW**

PACE · SELDEN · GILMAN · MARKS

7901 N. 16th Street, Suite 200
Phoenix, AZ  85020
Telephone (602) 851-8799
WWW.PSGMLAW.COM
Julie A. Pace, AZ SBN 014585
jpace@psgmlaw.com
David A. Selden, AZ SBN 007499
dselden@psgmlaw.com
Heidi Nunn-Gilman, AZ SBN 023971
hgilman@psgmlaw.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mauricio Rubio Anaya, | 2:25-cv-00742-SHD |
| Plaintiff, | **ANSWER TO VERIFIED COMPLAINT** |
| v. | |
| Aztec Concrete & Coating Services, LLC, an Arizona limited liability company; and Ruben Rodriguez and Annie M. Rodriguez, a married couple, | **(Jury Trial Requested)** |
| Defendants. | |

**For their Answer to the Complaint of Plaintiff Mauricio Rubio Anaya ("Plaintiff"), Defendants Aztec Concrete & Coating Services, LLC, an Arizona limited liability Company ("Aztec Concrete"), Ruben Rodriguez ("Mr. Rodriguez") and Annie M. Rodrigues ("Mrs. Rodriguez") (collectively, "Defendants") admit, deny and allege as set forth below. For the convenience of the Court and the parties, the allegations of the Complaint are reprinted below, followed by the Answers to those allegations, which are printed in bold type.**

**Defendants deny all allegations contained in the Complaint, whether express or**

10190707.2

**implied, that are not specifically admitted herein.  Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculation that arguably could follow from the admitted facts.  Defendants deny that Plaintiff is entitled to the relief requested, or any other relief.**

## ANSWERS TO ALLEGATIONS REGARDING PRELIMINARY STATEMENT

1.     This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

**ANSWER TO PARAGRAPH 1.     Defendants     admit     the     allegations     in Paragraph 1.**

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all nonexempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

**ANSWER TO PARAGRAPH 2.     Paragraph 2 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint, and to the extent that a response is required, Defendants deny the allegations of Paragraph 2.**

3.     Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

2

10190707.2

**ANSWER TO PARAGRAPH 3.** Defendants admit that Plaintiff brings this action alleging a failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 but deny that Defendants violated the Fair Labor Standards Act or that Plaintiff has a cause of action under the Fair Labor Standard Act. Defendants deny each and every remaining allegation in Paragraph 3.

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

**ANSWER TO PARAGRAPH 4.** Defendants admit that Plaintiff brings this action alleging a failure to pay minimum wages in violation of the Arizona Minimum Wage Act but deny that Defendants violated the Arizona Minimum Wage Act or that Plaintiff has a cause of action under the Arizona Minimum Wage Act. Defendants deny each and every remaining allegation in Paragraph 4.

5. Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

**ANSWER TO PARAGRAPH 5.** Defendants admit that Plaintiff brings this action alleging a failure to pay wages due in violation of the AWA but deny that Defendants violated the AWA or that Plaintiff has a cause of action under the AWA. Defendants deny each and every remaining allegation in Paragraph 5.

6. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

**ANSWER TO PARAGRAPH 6.** Defendants admit that this is an action in which Plaintiff seeks unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA but deny that there has been a violation of the FLSA or AMWA. Defendants deny each and every remaining allegation in Paragraph 6.

7. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

3

10190707.2

**ANSWER TO PARAGRAPH 7.**    **Paragraph 7 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint, and to the extent that a response is required, Defendants admit that the AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona but deny that Defendants violated the AMWA.  Defendants deny each and every remaining allegation in Paragraph 7.**

8.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**ANSWER TO PARAGRAPH 8.**    **Paragraph 8 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint, and to the extent that a response is required, Defendants admit that the AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona but deny that Defendants violated the AMWA.  Defendants deny each and every remaining allegation in Paragraph 8.**

**ANSWERS TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER TO PARAGRAPH 9.**    **Defendants admit that this Court has jurisdiction over this matter but deny that Plaintiff has a cause of action or is entitled to relief against Defendants.**

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

4

10190707.2

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**ANSWER TO PARAGRAPH 10.   Defendants admit that venue is proper in this Court but deny that Plaintiff has a cause of action or is entitled to relief against Defendants.**

## ANSWERS TO ALLEGATIONS REGARDING PARTIES

11.   At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

**ANSWER TO PARAGRAPH 11.   Defendants lack sufficient information TO form a responsive pleading to the allegations in Paragraph 11 because the allegations are vague in referring to "all times material to the matters alleged in this Complaint," which Plaintiff does not define, and Defendants lack knowledge of Plaintiff's residence, and therefore Defendants deny the same.  Defendants deny that Plaintiff was a former employee of Defendants.  Defendants deny each and  every remaining allegation in Paragraph 11.**

12.   At all material times, Defendant Aztec Concrete & Coating Services, LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Aztec Concrete & Coating Services, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

**ANSWER TO PARAGRAPH 12.   Defendants admit the allegations in Paragraph 12.**

13.   At all relevant times, Defendant Aztec Concrete & Coating Services, LLC owned and operated as "Aztec Concrete," a construction and carpentry company doing business in Maricopa County, Arizona.

**ANSWER TO PARAGRAPH 13.   Defendants admit the allegations in Paragraph 13.**

5

10190707.2

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

14. Under the FLSA, Defendant Aztec Concrete & Coating Services, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Defendant Aztec Concrete & Coating Services, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Aztec Concrete's employees, Defendant Aztec Concrete & Coating Services, LLC is subject to liability under the FLSA.

**ANSWER TO PARAGRAPH 14.   Defendants lack sufficient information to form a responsive pleading to the allegations in Paragraph 14 because the allegations are vague in referring to "at all relevant times," which Plaintiff does not define, and Paragraph 14 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint.  To the extent that a response is required, Defendants deny the allegations of Paragraph 14.**

15. Defendants Ruben Rodriguez and Annie M. Rodriguez are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Ruben Rodriguez and Annie M. Rodriguez are owners of Aztec Concrete and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

**ANSWER TO PARAGRAPH 15.   Paragraph 15 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint.  To the extent that a response is required, Defendants admit that Ruben Rodriguez and Annie M. Rodriguez are husband and wife, deny that Annie M. Rodriguez is an owner of Aztec Concrete, and affirmatively**

10190707.2

**allege that Ruben Rodriguez is the sole member and owner of Aztec Concrete. Defendants deny each and every remaining allegation in Paragraph 15.**

16.    Under the FLSA, Defendants Ruben Rodriguez and Annie M. Rodriguez are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Ruben Rodriguez and Annie M. Rodriguez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Aztec Concrete's employees, Defendants Ruben Rodriguez and Annie M. Rodriguez are subject to individual liability under the FLSA.

**ANSWER TO PARAGRAPH 16.    Paragraph 16 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint.    To the extent that a response is required, Defendants deny that Annie M. Rodriguez is an owner of Aztec Concrete or has any authority or role at Aztec Concrete.    Defendants deny each and every remaining allegation in Paragraph 16.**

17.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

**ANSWER TO PARAGRAPH 17.    Defendants    deny    the    allegations    in Paragraph 17.**

18.    Defendants, and each of them, are sued in both their individual and corporate capacities.

**ANSWER TO PARAGRAPH 18.    Defendants    deny    the    allegations    in Paragraph 18.**

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

7

10190707.2

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

19.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

**ANSWER TO PARAGRAPH 19.** **Defendants** **deny** **the** **allegations** **in** **Paragraph 19.**

20.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

**ANSWER TO PARAGRAPH 20.** **Defendants** **deny** **the** **allegations** **in** **Paragraph 20.**

21.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

**ANSWER TO PARAGRAPH 21.** **Defendants admit that some provisions of the FLSA applied to Defendants in relation to their employees but deny that Plaintiff was an employee. Defendants otherwise lack sufficient information to form a responsive pleading to the allegations in Paragraph 21 because it is vague and does not define which provisions are intended by its reference to "the provisions" and Defendants deny the remaining allegations of Paragraph 21.**

22.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

**ANSWER TO PARAGRAPH 22.** **Defendants lack sufficient information to form a responsive pleading to the allegations in Paragraph 22 because the allegations are vague in referring to "at all relevant times," which Plaintiff does not define, and Paragraph 22 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint, and to the extent that a response is required, Defendants deny the allegations of Paragraph 22.**

23.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

10190707.2

**ANSWER TO PARAGRAPH 23.**   Defendants admit that some provisions of the A.R.S. Title 23, Articles 7 and 8 applied to Aztec Concrete in relation to its employees but deny that Plaintiff was an employee.   Defendants otherwise lack sufficient information to form a responsive pleading to the allegations in Paragraph 23 because it is vague and does not define which provisions are intended by its reference to "the provisions" and Defendants deny the remaining allegations of Paragraph 23.

24.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

**ANSWER TO PARAGRAPH 24.**   Defendants deny the allegations in Paragraph 24.

25.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

**ANSWER TO PARAGRAPH 25.**   Defendants lack sufficient information to form a responsive pleading to the allegations in Paragraph 25 because the allegations are vague in referring to "at all relevant times," which Plaintiff does not define, and Paragraph 22 alleges a conclusion of law to which a responsive pleading is not required, as the law is established by the language of the statute and controlling legal authority and not by Plaintiff's allegations regarding legal principles stated in a Complaint, and to the extent that a response is required, Defendants deny the allegations of Paragraph 25.

26.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

**ANSWER TO PARAGRAPH 26.**   Defendants lack sufficient information to form a responsive pleading to the allegations in Paragraph 26 because the allegations are vague in referring to "all times relevant times," which Plaintiff does not define, and Defendants deny the allegations of Paragraph 26.

**PSGM LAW**
7901 N. 16ᵀᴴ STREET, SUITE 200
PHOENIX, ARIZONA 85020

9

10190707.2

27. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

**ANSWER TO PARAGRAPH 27.** **Defendants admit that Defendant Aztec Concrete is an enterprise engaged in commerce and has annual gross sales of at least $500,000 in 2023. Defendants deny each and every remaining allegation in Paragraph 27.**

28. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

**ANSWER TO PARAGRAPH 28.** **Defendants admit that Defendant Aztec Concrete is an enterprise engaged in commerce and has annual gross sales of at least $500,000 in 2024. Defendants deny each and every remaining allegation in Paragraph 28.**

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

**ANSWER TO PARAGRAPH 29.** **Defendants lack sufficient information to form a responsive pleading to the allegations in Paragraph 29 because the allegations are vague in referring to "all times relevant times," which Plaintiff does not define, and Defendants deny the allegations of Paragraph 29.**

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

**ANSWER TO PARAGRAPH 30.** **Defendants lack sufficient information to form a responsive pleading to the allegations in Paragraph 30 because the allegations are vague in referring to "all times relevant times," which Plaintiff does not define, and Defendants deny the allegations of Paragraph 30.**

31. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

10

10190707.2

**ANSWER TO PARAGRAPH 31.**   Defendants deny the allegations in Paragraph 31.

### ANSWERS TO FACTUAL ALLEGATIONS

32.   Defendants own and/or operate as Aztec Concrete, a concrete company doing business in Maricopa County, Arizona.

**ANSWER TO PARAGRAPH 32.   Defendants admit that Defendant Ruben Rodriguez owns and operates Aztec Concrete and that Aztec Concrete is a concrete Company doing business in Maricopa County, Arizona.   Defendants deny that Defendant Annie Rodriguez owns or operates Aztec Concrete and deny each and every remaining allegation in paragraph 32.**

33.   In or around June 2024 Plaintiff began working for Defendants, performing non-exempt, manual labor related to pouring and working with concrete.

**ANSWER TO PARAGRAPH 33.   Defendants deny the allegations in Paragraph 33.**

34.   At all relevant times, in his work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $34.

**ANSWER TO PARAGRAPH 34.   Defendants deny the allegations in Paragraph 34.**

35.   At all relevant times, Plaintiff, in his work for Defendants, was compensated, or supposed to be compensated, at a regular rate of $34 per hour, regardless of the number of hours Plaintiff actually worked.

**ANSWER TO PARAGRAPH 35.   Defendants deny the allegations in Paragraph 35.**

36.   At all relevant times, Plaintiff, in his work for Defendants, was compensated, or supposed to be compensated, at a regular rate of $34 per hour, regardless of the number of hours Plaintiff actually worked, and regardless of whether he worked in excess of 40 hours in a given workweek.

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

11

10190707.2

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

**ANSWER TO PARAGRAPH 36.** Defendants deny the allegations in Paragraph 36.

37.    In or around February 2025, Plaintiff left his employment with Defendants when they informed him that his rate of pay was going to be reduced.

**ANSWER TO PARAGRAPH 37.** Defendants deny the allegations in Paragraph 37.

38.    Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

**ANSWER TO PARAGRAPH 38.** Defendants deny the allegations in Paragraph 38.

39.    Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

**ANSWER TO PARAGRAPH 39.** Defendants deny the allegations in Paragraph 39.

40.    Defendants controlled Plaintiff's schedules.

**ANSWER TO PARAGRAPH 40.** Defendants deny the allegations in Paragraph 40.

41.    In his work for Defendants, Plaintiff used equipment owned by Defendants.

**ANSWER TO PARAGRAPH 41.** Defendants deny the allegations in Paragraph 41.

42.    At all relevant times, Plaintiff was economically dependent on Defendants.

**ANSWER TO PARAGRAPH 42.** Defendants deny the allegations in Paragraph 42.

43.    The following further demonstrate that Plaintiff was an employee:

    a.    Defendants had the exclusive right to hire and fire Plaintiff;

    b.    Defendants set Plaintiff's work schedule;

    c.    Defendants set Plaintiff's rate of pay;

    d.    Defendants made the decision not to pay overtime to Plaintiff;

12

10190707.2

e.    Defendants supervised Plaintiff and subjected him to Defendants' rules;

f.    Plaintiff had no opportunity for profit or loss in the business;

g.    The services rendered by Plaintiff in his work for Defendants were integral to Defendants' business;

h.    Plaintiff was hired for a non-durational period, generally working in excess of 40 hours per week for approximately nine months;

i.    Plaintiff had no right to refuse work assigned to him by Defendants;

j.    On information and belief, Defendants did not allow Plaintiff to work for other apartment complex companies.

**ANSWER TO PARAGRAPH 43.** Defendants deny the allegations in Paragraph 43.

44.    Plaintiff worked for Defendants through approximately early February 2025, when he left his employment with Defendants.

**ANSWER TO PARAGRAPH 44.** Defendants deny the allegations in Paragraph 44.

45.    During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 40 and 55 hours per workweek.

**ANSWER TO PARAGRAPH 45.** Defendants deny the allegations in Paragraph 45.

46.    At all relevant times, Plaintiff was paid, or supposed to be paid, on a weekly basis.

**ANSWER TO PARAGRAPH 46.** Defendants deny the allegations in Paragraph 46.

47.    In his final workweek, Plaintiff worked approximately 40 hours for Defendants.

**ANSWER TO PARAGRAPH 47.** Defendants deny the allegations in Paragraph 47.

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

13

10190707.2

48.     Defendants did not compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants.

**ANSWER TO PARAGRAPH 48.  Defendants   deny   the   allegations   in Paragraph 48.**

49.     On or about February 8, 2025, after Plaintiff's employment ended, he contacted Defendant Ruben Rodriguez to inquire as to whether and when he would be paid his final wages.

**ANSWER TO PARAGRAPH 49.  Defendants   deny   the   allegations   in Paragraph 49.**

50.     In response, Defendant Ruben Rodriguez stated that he was still waiting to be paid by a client for work Defendants had performed.

**ANSWER TO PARAGRAPH 50.  Defendants   deny   the   allegations   in Paragraph 50.**

51.     In response, Plaintiff asked around when Defendant Ruben Rodriguez expected to be paid.

**ANSWER TO PARAGRAPH 51.  Defendants   deny   the   allegations   in Paragraph 51.**

52.     In response, Defendant Ruben Rodriguez stated "[h]opefully early next week."

**ANSWER TO PARAGRAPH 52.  Defendants   deny   the   allegations   in Paragraph 52.**

53.     On February 18, 2025, Plaintiff sent a text message to Defendant Ruben Rodriguez stating in Spanish that it seemed that Defendant Ruben Rodriguez was lying about paying him.

**ANSWER TO PARAGRAPH 53.  Defendants   deny   the   allegations   in Paragraph 53.**

54.     In response, Defendant Ruben Rodriguez stated "[i]f you call me a liar again I'll let you go to court and take months to settle."

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

14

10190707.2

**ANSWER TO PARAGRAPH 54.** Defendants deny the allegations in Paragraph 54.

55.    To date, Defendants still have paid none of the wages due and owing to Plaintiff for such time worked.

**ANSWER TO PARAGRAPH 55.** Defendants deny the allegations in Paragraph 55.

56.    As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for such hours worked.

**ANSWER TO PARAGRAPH 56.** Defendants deny the allegations in Paragraph 56.

57.    As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

**ANSWER TO PARAGRAPH 57.** Defendants deny the allegations in Paragraph 57.

58.    As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

**ANSWER TO PARAGRAPH 58.** Defendants deny the allegations in Paragraph 58.

59.    As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

**ANSWER TO PARAGRAPH 59.** Defendants deny the allegations in Paragraph 59.

60.    Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

**ANSWER TO PARAGRAPH 60.** Defendants deny the allegations in Paragraph 60.

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

15

10190707.2

61. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

**ANSWER TO PARAGRAPH 61. Defendants deny the allegations in Paragraph 61.**

62. During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

**ANSWER TO PARAGRAPH 62. Defendants deny the allegations in Paragraph 62.**

63. At all relevant times, Plaintiff worked approximately between five (5) and fifteen (15) hours of overtime per week.

**ANSWER TO PARAGRAPH 63. Defendants deny the allegations in Paragraph 63.**

64. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

**ANSWER TO PARAGRAPH 64. Defendants deny the allegations in Paragraph 64.**

65. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

**ANSWER TO PARAGRAPH 65. Defendants deny the allegations in Paragraph 65.**

66. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

**ANSWER TO PARAGRAPH 66. Defendants deny the allegations in Paragraph 66.**

67. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

10190707.2

**ANSWER TO PARAGRAPH 67.** Defendants deny the allegations in Paragraph 67.

68.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

**ANSWER TO PARAGRAPH 68.** Defendants deny the allegations in Paragraph 68.

69.     Plaintiff is a covered employee within the meaning of the FLSA.

**ANSWER TO PARAGRAPH 69.** Defendants deny the allegations in Paragraph 69.

70.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

**ANSWER TO PARAGRAPH 70.** Defendants deny the allegations in Paragraph 70.

71.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**ANSWER TO PARAGRAPH 71.** Defendants deny the allegations in Paragraph 71.

72.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

**ANSWER TO PARAGRAPH 72.** Defendants deny the allegations in Paragraph 72.

73.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

17

10190707.2

amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**ANSWER TO PARAGRAPH 73.** Defendants deny the allegations in Paragraph 73.

### ANSWERS TO COUNT ONE: FAIR LABOR STANDARDS ACT ALLEGED FAILURE TO PAY OVERTIME

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER TO PARAGRAPH 74.** Defendants incorporate by reference the answers to Paragraphs 1-73.

75. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

**ANSWER TO PARAGRAPH 75.** Defendants deny the allegations in Paragraph 75.

76. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

**ANSWER TO PARAGRAPH 76.** Defendants deny the allegations in Paragraph 76.

77. As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

**ANSWER TO PARAGRAPH 77.** Defendants deny the allegations in Paragraph 77.

78. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

10190707.2

**ANSWER TO PARAGRAPH 78.** Defendants deny the allegations in Paragraph 78.

79.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

**ANSWER TO PARAGRAPH 79.** Defendants deny the allegations in Paragraph 79.

80.     Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

**ANSWER TO PARAGRAPH 80.** Defendants deny the allegations in Paragraph 80.

81.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**ANSWER TO PARAGRAPH 81.** Defendants deny the allegations in Paragraph 81.

**ANSWERS TO COUNT TWO: FAIR LABOR STANDARDS ACT ALLEGED FAILURE TO PAY MINIMUM WAGE**

82.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER TO PARAGRAPH 82.** Plaintiffs incorporate by reference the answers to Paragraphs 1-81.

83.     As a result of failing to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

**ANSWER TO PARAGRAPH 83.** Defendants deny the allegations in Paragraph 83.

19

10190707.2

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

84.     As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of 29 U.S.C. § 206.

**ANSWER TO PARAGRAPH 84.** **Defendants** **deny** **the** **allegations** **in** **Paragraph 84.**

85.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**ANSWER TO PARAGRAPH 85.** **Defendants** **deny** **the** **allegations** **in** **Paragraph 85.**

### ANSWERS TO COUNT THREE: ARIZONA MINIMUM WAGE ACT ALLEGED FAILURE TO PAY MINIMUM WAGE

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER TO PARAGRAPH 86.** **Defendants incorporate by reference the answers to Paragraphs 1-85.**

87.     As a result of failing to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

**ANSWER TO PARAGRAPH 87.** **Defendants** **deny** **the** **allegations** **in** **Paragraph 87.**

88.     As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of A.R.S. § 23-363.

**ANSWER TO PARAGRAPH 88.** **Defendants** **deny** **the** **allegations** **in** **Paragraph 88.**

89.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the

10190707.2

underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**ANSWER TO PARAGRAPH 89.** Defendants deny the allegations in Paragraph 89.

**ANSWERS TO COUNT FOUR: ARIZONA WAGE ALLEGED ACT FAILURE TO PAY WAGES DUE AND OWING AGAINST DEFENDANT AZTEC CONCRETE & COATING SERVICES, LLC, ONLY**

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER TO PARAGRAPH 90.** Defendants incorporate by reference the answers to Paragraphs 1-89.

91. As a result of the allegations contained herein, Defendant Aztec Concrete & Coating Services, LLC did not compensate Plaintiff wages due and owing to him.

**ANSWER TO PARAGRAPH 91.** Defendants deny the allegations in Paragraph 91.

92. Defendant Aztec Concrete & Coating Services, LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

**ANSWER TO PARAGRAPH 92.** Defendants deny the allegations in Paragraph 92.

93. Defendant Aztec Concrete & Coating Services, LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

**ANSWER TO PARAGRAPH 93.** Defendants deny the allegations in Paragraph 93.

94. Defendant Aztec Concrete & Coating Services, LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

**ANSWER TO PARAGRAPH 94.** Defendants deny the allegations in Paragraph 94.

95. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant Aztec Concrete & Coating Services, LLC.

**ANSWER TO PARAGRAPH 95.** Defendants deny the allegations in Paragraph 95.

96.     Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and the costs incurred.

**ANSWER TO PARAGRAPH 96.** Defendants deny the allegations in Paragraph 96.

### GENERAL DENIAL AND ALLEGATIONS REGARDING ATTORNEYS' FEES AND COSTS

**A.**     Defendants deny each and every allegation of the Plaintiff's Complaint not specifically admitted herein.

**B.**     Defendants deny every prayer for relief in the Complaint, including every allegation contained therein.

**C.**     To the extent that Plaintiff's claims purport to arise out of contract, Defendants are entitled to recover their reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341.01, 12-349, 12-341, and/or other statutes, rules, or law.

**D.**     Plaintiff's claims are groundless, without foundation, and have been brought in bad faith in order to harass Defendants.  Defendants were forced to retain counsel to represent them in this action and will incur substantial costs and attorneys' fees.  Defendants are therefore entitled to recover their costs and attorneys' fees from Plaintiff pursuant to Rule 11, 28 U.S.C. § 1927, and/or other statutes, rules, or law.

### AFFIRMATIVE DEFENSES AND OTHER GROUNDS FOR AVOIDANCE OF LIABILITY

**A.**     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**B.**     Plaintiff's claims are barred, in whole or in part, because no one named Mauricio Rubio Anaya ever performed services for Aztec Concrete.

**C.**     Plaintiff's claims are barred in whole or in part because Defendants acted reasonably and in good faith at all times.

22

10190707.2

**D.** **Defendants did not know and did not show reckless disregard for whether their conduct was prohibited by the FLSA.**

**E.** **Defendants did not have knowledge of any alleged hours worked in excess of what was paid to Plaintiff.**

**F.** **Defendant was not Plaintiff's "employer" under the Fair Labor Standards Act.**

**G.** **Plaintiff was an independent contractor and not covered by the FLSA, AMWA, or AWA.**

**H.** **Plaintiff's claims for treble damages are barred, in whole or in part, because there was a good faith dispute over the timing and payment of compensation.**

**I.** **Plaintiff's claims are barred, in whole or in part, because Defendants tendered payment to Plaintiff and Plaintiff refused to accept such payment.**

**J.** **Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or laches.**

**K.** **Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.**

**L.** **Defendants deny that they have caused Plaintiff to suffer any damages or violated his legal rights.**

**M.** **Defendants allege that the claims for liquidated damages are barred in whole or in part because Defendants' act or omission, if any, were in good faith and Defendants had reasonable grounds for believing that their act or omission, if any, were not a violation of any applicable law.**

**N.** **Defendants reserve the right to amend their Answer to add additional affirmative defenses upon conducting discovery in this action pursuant to the Federal Rules of Civil Procedure.**

**WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court grant judgment in their favor as follows:**

**A.** **That Plaintiff's Complaint against Defendant be dismissed, with**

10190707.2

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

**PSGM LAW**
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

prejudice, and that Plaintiff take nothing thereby;

B. That Defendant be awarded their costs and attorneys' fees incurred herein;

C. That Defendants be awarded pre-judgment and post-judgment interest on their costs and attorneys' fees at the maximum rate allowed by law; and

D. That Defendants be awarded such other further relief as the Court may deem just and proper.

DATED this 2nd day of June, 2025.

PSGM LAW

By: *s/Heidi Nunn-Gilman*
Julie A. Pace
David A. Selden
Heidi Nunn-Gilman
*Attorneys for Defendants.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/Elizabeth Arapi*

24

10190707.2